NOT FOR PUBLICATION                                                                                                (Doc. No. 36)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| KEVIN SHUMAN, | : |
| Plaintiff, | : Civil No. 14-251 (RBK/JS) |
| v. | : |
| | : **OPINION** |
| LAUREN KIM, INC. et al., | : |
| Defendants. | : |

**KUGLER**, United States District Judge:

      This matter arises out of the alleged injury to Plaintiff Kevin Shuman ("Plaintiff") while working as a seaman and crew member on a fishing vessel. Presently before the Court is the motion of Defendants Lauren Kim, Inc., Gary Osmundsen, Roy Osmundsen, and The F/V Miss Laurie Louise (collectively "Defendants") to dismiss the fourth cause of action of Plaintiff's Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(6). For the reasons expressed herein, Defendants' motion will be GRANTED.

**I.     FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

      Plaintiff alleges that he suffered an injury in October 2011 while working as a seaman onboard the commercial fishing vessel, Miss Laurie Louise. (Am. Compl. ¶ 24.) Miss Laurie Louise is apparently owned by Lauren Kim, Inc, whose President is Gary Osmundsen. (Am. Compl. ¶¶ 4-5.) On April 18, 2013, Debbie Flo, Inc., the vessel's

1

operator and Plaintiff's employer, filed a declaratory judgment action in this Court seeking to terminate its obligation to pay maintenance and cure for Plaintiff's injuries. (See Civ. No. 13-2650, Doc. No. 1.)[1] On January 13, 2014, Plaintiff filed his Complaint in this matter against Lauren Kim, Gary Osmundsen, Roy Osmundsen, and Miss Laurie Louise,[2] alleging negligence and unseaworthiness, maintenance and cure, punitive damages, and a claim for "piercing of the corporate veil." (Doc. No. 1.) Defendants moved to dismiss the fourth cause of action, piercing of the corporate veil, and Plaintiff cross-moved for leave to amend his Complaint. (Doc. Nos. 17, 23). Oral argument was heard on August 18, 2014, and Plaintiff's motion to amend his Complaint was granted. (Doc. No. 28.) Plaintiff filed his Amended Complaint that same day, with most amendments pertaining to the fourth cause of action.[3] (Doc. No. 27.) Defendants now move to dismiss this cause of action from Plaintiff's Amended Complaint. (Doc. No. 36.)

## II.   LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) allows a court to dismiss an action for failure to state a claim upon which relief can be granted. When evaluating a motion to dismiss, "courts accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of

---

[1] The present action has been consolidated with the declaratory judgment action for discovery and case management purposes only. (See Doc. No. 7.)

[2] The original and Amended Complaints also include John Does and Doe Corporations as defendants.

[3] The Amended Complaint also removes the early paragraphs naming Roy Osmundsen as a defendant and describing his role in various businesses, yet refers to Roy Osmundsen as a defendant under the veil-piercing cause of action. The Court thus treats Roy Osmundsen as a defendant in this case.

the complaint, the plaintiff may be entitled to relief." Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009) (quoting Phillips v. Cnty. of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008)).  In other words, a complaint survives a motion to dismiss if it contains sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).

To make this determination, a court conducts a three-part analysis. Santiago v. Warminster Twp., 629 F.3d 121, 130 (3d Cir. 2010).  First, the court must "tak[e] note of the elements a plaintiff must plead to state a claim." Id. (quoting Iqbal, 556 U.S. at 675). Second, the court should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." Id. at 131 (quoting Iqbal, 556 U.S. at 680).  Finally, "where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief."  Id. (quoting Iqbal, 556 U.S. at 680).  This plausibility determination is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 679.  A complaint cannot survive where a court can only infer that a claim is merely possible rather than plausible. Id.[4]

---

[4] In considering a Rule 12(b)(6) motion to dismiss, a court may consider only the allegations of the complaint, documents attached or specifically referenced in the complaint if the claims are based on those documents, and matters of public record. In re Bayside Prison Litig., 190 F. Supp. 2d 755, 760 (D.N.J. 2002).  The Court notes that Plaintiff has included the declaration of attorney Jacob Shisha in his Opposition.  Mr. Shisha's declaration references attached exhibits, some of which, but not all of which, are matters of public record.  To the extent that it relies on these exhibits at all, the Court will only consider those documents that are matters of public record.  In addition, Mr. Shisha's declaration is rife with legal conclusions and statements not within his personal knowledge.  Local Rule 7.2(a) provides that declarations "shall be restricted to statements of fact within the personal knowledge of the signatory. Arguments of the facts and the law shall not be contained in such documents.  Legal arguments and

**III.     DISCUSSION**

The Court begins from the premise that business entities are formed for the very purpose of insulating individual owners and related companies from liability.  See New Jersey Dept. of Env. Protection v. Ventron Corp., 94 N.J. 473, 500 (N.J. 1983).  Under New Jersey law, a plaintiff may state a claim for piercing the corporate veil by showing: "(1) one corporation is organized and operated as to make it a mere instrumentality of another corporation, and (2) the dominant corporation is using the subservient corporation to perpetrate fraud, to accomplish injustice, or to circumvent the law." Bd. of Trs. of Teamsters Local 863 Pension Fund v. Foodtown, Inc., 296 F.3d 164, 171–72 (3d Cir. 2002) (citing Craig v. Lake Asbestos of Quebec, Ltd., 843 F.2d 145, 149 (3d Cir. 1988)).  To survive a motion to dismiss, a plaintiff must allege that the parent "completely dominate[s] the finances, policy, and business practice with respect to the subject transaction" to such a degree that the subsidiary has "no separate mind, will, or existence of its own." Craig, 843 F.2d at 150.[5]  The relevant factors in this inquiry include:

> gross undercapitalization ... failure to observe corporate formalities, non-payment of dividends, the insolvency of the debtor corporation at the time, siphoning of the funds of the corporation by the dominant stockholder, non-functioning of other officers or directors, absence of corporate records, and the fact that the corporation is merely a façade for the operations of the dominant stockholder or stockholders.

---

summations in such documents will be disregarded by the Court…."  To the extent that Mr. Shisha's declaration contains legal conclusions, these portions will be ignored.  Only factual matters within his personal knowledge shall be considered by this Court.

[5] Liability under a veil-piercing theory is not limited to a parent-subsidiary relationship. Bd. of Trs. of Teamsters Local 863 Pension Fund, 296 F.3d at 172 n.9 (citing In re Bldgs. by Jamie, Inc., 230 B.R. 36, 42 (D.N.J. 1998)) ("[T]here appears to be no reason to limit the application of the rule to parent-subsidiary relationships.")

Id. (quoting Am. Bell, Inc. v. Fed'n of Tel. Workers, 736 F.2d 879, 886 (3d Cir. 1984)). "With respect to the second element, a plaintiff need not prove common law fraud but instead must demonstrate that the defendants, via the corporate form, perpetrated a fraud, injustice, or the like, a less exacting standard." State Capital Title & Abstract Co. v. Pappas Bus. Servs., LLC, 646 F. Supp. 2d 668, 679 (D.N.J. 2009) (internal quotations omitted). Even in instances where one individual shareholder or director dominates the corporate entity, "liability generally is imposed only when the [dominant party] has abused the privilege of incorporation by using the [corporate form] to perpetrate a fraud or injustice, or otherwise to circumvent the law." Ventron, 94 N.J. at 501.

Here, Plaintiff has not sufficiently pled facts to support the elements of piercing the corporate veil. With respect to the first element, Plaintiff asserts that Debbie Flo and Defendant Lauren Kim "combined and operated their affairs in such a way as to lose the protection of separate corporate and individual entities. . . ."[6] Am. Compl. ¶ 37. Plaintiff has dutifully included allegations that "[t]he named corporate entities failed, to keep proper corporate records, hold shareholder meets (sic), pay dividend (sic)." Am. Compl. ¶ 43. Plaintiff also alleges that the assets of the defendant corporations have been "commingled." Am. Comp. ¶ 38. Plaintiff further claims that the defendant corporations

---

[6] The Court notes that Debbie Flo is not a Defendant in this action. Moreover, as noted above, see supra note 3, no facts are alleged in the Amended Complaint regarding Roy Osmundsen's official role relating to a specific defendant or company. Rather, in the Amended Complaint, Plaintiff asserts generally that Roy and Gary Osmundsen "are officers and director (sic) of all the . . . defendants and Debbie Flo." Am. Compl. ¶ 44. It can only be gleaned through the parties' submissions that Roy Osmundsen is the President of Debbie Flo. The Court fails to see how Roy Osmundsen could be liable on a theory of corporate veil-piercing when the corporation that would need its veil pierced is not a party to this litigation. In the related matter, Plaintiff asserts a counter-claim against Debbie Flo for piercing the corporate veil, see Civ. No. 13-2650, Doc. No. 44, but these cases have been consolidated for the purposes of discovery and case management only; the current motion before the Court relates only to Shuman v. Lauren Kim, Civ. No. 14-251.

are "undercapitalized," Id.; but the only fact regarding undercapitalization concerns Debbie Flo and the allegation that it has no assets in effect, because its only assets are the scallops that they catch and then immediately sell, Am. Compl. ¶ 39. It is possible that these allegations, if true, could support a bare-bones showing that one company was the instrumentality of the other.

However, the Court need not conclusively determine that these allegations support the first element of veil-piercing liability because it finds the Complaint lacks any factual allegations to support the second element of the claim. The only assertion of fraud or wrongdoing in the Amended Complaint is Plaintiff's allegation that Roy and Gary Osmundsen "have created the . . . entities to avoid their legal obligations, to avoid creditors, to shield assets from potential liability to plaintiff and others which was done to defeat the interests of justice." Am. Compl. ¶ 44. Plaintiff does not plead a single fact in support of this conclusory allegation. The solitary contention that the Osmundsens "withdrew funds" from Debbie Flo "so that they would deprive plaintiff the ability to collect the sums owed him," Am. Compl. ¶42, does not satisfy the plausibility standard by which this Court must judge a Rule 12(b)(6) motion to dismiss, and moreover offers yet another mere conclusion. "[A] complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to 'show' such an entitlement with its facts." Fowler, 578 F.3d at 211. This the Amended Complaint does not do. Therefore, dismissal is appropriate.

## IV. CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss Plaintiff's fourth cause of action, piercing of the corporate veil, will be **GRANTED**. Plaintiff may file a motion

for leave to amend his Complaint to cure the deficiencies noted herein within the requisite time period stated in the Order accompanying this Opinion. See <u>Alston v. Parker</u>, 363 F.3d 229, 235 (3d Cir. 2004) ("[E]ven when a plaintiff does not seek leave to amend, if a complaint is vulnerable to 12(b)(6) dismissal, a District Court <u>must</u> permit a curative amendment, unless an amendment would be inequitable or futile.") (emphasis added); <u>see also</u> <u>Worldcom, Inc. v. Graphnet, Inc.</u>, 343 F.3d 651, 657 n.3 (3d Cir. 2004) ("The fact that a complainant has had 'three bites at the apple' is not itself a justification for dismissing a complaint with prejudice.") An accompanying Order shall issue.

Dated:     3/30/2015                                                  s/ Robert B. Kugler
                                                                      ROBERT B. KUGLER
                                                                      United States District Judge