

**Brian McEwing, Esquire**
McEwing@lawofsea.com
**Reply To Cape May**

681 Town Bank Rd.
Cape May, NJ 08204
T: 609-846-4717

July 20, 2015

Magistrate Judge Joel Schneider
United States District Court
District of New Jersey
Mitchell H. Cohen Courthouse
1 John F. Gerry Plaza, Room 2060
Camden, NJ  08101-0887

      **RE:**   **Shuman v. Lauren Kim, Inc., et. al.**
             **Civil No. 14-0251 (RBK/JS)**

Dear Judge Schneider:

      Subsequent to the June 30, 2015 oral argument on Plaintiff's motion to amend, it was ordered that the defendants provide responses to Plaintiff's "piercing discovery" on or before July 31, 2015.

      I write to clarify the scope of Your Honor's Order, and to seek additional time to provide responses and responsive documents.

      Plaintiff's veil piercing discovery seeks significant financial and documentary production from not only the named defendants, but from related entities. According to plaintiff's discovery requests, "related entities" are entities in which either Roy Osmundsen or Gary Osmundsen have an interest. This adds five non-defendant corporations to the list of entities that are directed to produce responsive financials and documents.

Page 2

The time period, and the list of records requested, is significant. The list of documents requested includes the following from the seven corporations and the individual defendants:

all registrations and annual reports, all leases of real property, all agreements for vessels owned, all bank records from the time of formation to present, investments and liabilities, copies of all shareholder meetings from formation to present, all insurance policies from formation to present, all tax returns from formation to present, all credit card statements from formation to present, all profit and loss statements from formation to present, all mortgages or loans or liens on any property, all payment of claims made for personal injury, all maintenance and repair of vessels, all fishing permit applications, all records of communications with insurance brokers underwriters and adjusters, and all payroll accounting and tax records (for the past ten years).

Defendants seek clarification on whether the scope of discovery is limited to the named defendants or includes the related entities. Defendants also seek an additional thirty days to respond as to the named defendants, and will certainly need further time if the scope includes all related entities.

Also, defendants wish to bring to the Court's attention their intent to file a motion to bifurcate trial of the underlying claims from the alter ego claims in light of the extent and nature of the veil piercing discovery, and for other reasons.

Respectfully submitted,

Brian McEwing

BMC/ccn

cc:    Jacob Shisha, Esquire